law Revision

FILED
SUPERIOR COURT

2012 DEC 13 AM 11: 32

CLERK OF COURT
BY _____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DARIUS A. RICHARDSON, M.D., | ) DOMESTIC CASE NO. DM361-01 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) **DECISION AND ORDER** |
| JEAN LORRAINE RICHARDSON, | ) **(Mrs. Richardson's Request** |
| TICOR TITLE INSURANCE, and | ) **for Attorney's Fees)** |
| BANK OF HAWAII, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter came before the Honorable Katherine A. Maraman on October 2, 2008 for a hearing on Defendant Jean Richardson's Request for Attorney's Fees. Attorney Lewis Littlepage appeared for and with Plaintiff Darius A. Richardson ("Dr. Richardson").[1] Defendant Jean L. Richardson ("Mrs. Richardson") appeared pro se. The Court, after having heard the testimony of the parties and having reviewed the exhibits entered in the case and the record, now issues its decision.

## BACKGROUND

Mrs. Richardson submitted her request for attorney's fees and, on July 19, 2006, the Court determined that Mrs. Richardson was entitled to attorney's fees under 19 G.C.A. Section 8402. *See* July 19, 2006 Findings of Fact and Conclusions of Law (incorporated herein by reference) (hereinafter "July 19, 2006 Findings"). Ordinarily, the Court would have entered an award for fees in conjunction with its determination of Mrs. Richardson's request. However, rather than address the reasonableness of the fee requested by Mrs. Richardson, the Court asked

---

[1] Attorney Daniel Berman is currently the attorney of record for Dr. Richardson.

that the parties address the question of the size of the fee award at an evidentiary hearing, which was held on October 2, 2008. It is that latter question to which the Court now turns.

## DISCUSSION

Although an award of attorney's fees in divorce cases is discretionary, 19 G.C.A. Section 8402 gives the Court the discretion to award only such amount as is necessary for the prosecution or defense of a divorce action such as this. *See Cruz v. Cruz*, 2005 Guam 3 ¶ 9. When determining the amount of attorney's fees, the Court must consider "[t]he circumstances of the parties, including the property which each possesses, their respective incomes and earning abilities, as well as their needs[.]" *Sweeley v. Sweeley*, 170 P.2d 469, 470, 28 Cal.2d 389, 390-91 (1946) (citations omitted).

In this case, Mrs. Richardson requests that she be awarded $76,532.08 in attorney's fees. Based on her testimony, the $76,532.08 consists of $8,000 owed to Anita Sukola and $68,532.08 owed to Jeff Cook, both of whom are her former attorneys. She later provided copies of invoices from both attorneys to substantiate the unpaid balance amounts. *See* Cunliffe & Cook's Submission, 10/6/2009; *see also* Anita A. Sukola Re-Submission of Anita A. Sukola's Declaration of Attorney's Fees and Justification for Defendant's Attorney's Fees, 1/29/2009. In addition to the $76,532.08, Mrs. Richardson asks for $10,000 to compensate her for pro se legal fees she had incurred as a pro se litigant. *See* Mrs. Richardson's Submission of Defendant's Pro Se Legal Fees, 11/24/2008 and 5/12/2011.

Dr. Richardson counter-argues that it would be unjust to award attorney's fees to Mrs. Richardson. More specifically, he maintains that since many of the claims filed by him (i.e. the 31 claims listed in the July 19, 2006 Findings) were not directed at Mrs. Richardson, she was not

required to defend against them. Dr. Richardson also claims that Mrs. Richardson acted in bad faith throughout the proceedings.

In its July 19, 2006 Findings of Fact and Conclusions of Law, the Court recognized that there has been extensive litigation in this case and that Mrs. Richardson had to defend against many motions that were filed against her by Dr. Richardson. *See* July 19, 2006 Findings at 58. The Court believes that, given Dr. Richardson's aggressive, litigious behavior throughout this case, Mrs. Richardson had no choice but to continue defending against claims made by Dr. Richardson in order to protect her interests. Mrs. Richardson, however, could no longer pay for an attorney to continue to represent her because she no longer had the financial resources. *See id.* Since Mrs. Richardson has been unemployed since 1994, she has been completely financially dependent on Dr. Richardson. *See id.* at 49-50. As such, Mrs. Richardson's income is limited and thus she does not have the financial resources to pay for the attorney's fees she had incurred. There is also sufficient evidence that exists to establish that Dr. Richardson has the financial resources to pay a reasonable amount of Mrs. Richardson's attorney's fees. In fact, the record shows that Dr. Richardson was the primary source of financial income during the marriage, and continues to be the primary income earner.

Based on the evidence presented, the Court will AWARD Mrs. Richardson the sum of $38,216 as reasonable attorney's fees to partially compensate her for legal expenses she incurred and which remain a debt. The $38,216 award is a fair and reasonable representation of attorney's fees based on the extent of the litigation, the circumstances of the parties, including the property which each possesses, and their respective incomes and earning abilities.

With respect to Mrs. Richardson's request for $10,000 in pro se legal fees, her request is denied in its entirety because she did not incur any attorney's fees as a pro se litigant. *See, e.g.,*

*Trope v. Katz*, 45 Cal. Rptr. 2d 241, 254, 902 P.2d 259, 272 (1995) (holding that a pro se lawyer who "does not pay or become liable to pay consideration in exchange for legal representation cannot recover 'reasonable attorney's fees' ....").

## CONCLUSION

For the reasons articulated above, the Court AWARDS Mrs. Richardson attorney's fees in the amount of $38,216, which is to be paid by Dr. Richardson to Mrs. Richardson.

SO ORDERED this 3d day of December, 2012.

HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

I hereby certify that the foregoing is a full, true and exact copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

DEC 3 2012

Thomas M. Blas
Deputy Clerk, Superior Court of Guam